**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **MACROSOLVE, INC.**<br><br>Plaintiff,<br><br>**v.**<br><br>**HOTELS.COM, L.P.,**<br><br>Defendant. | Civil Action No. 6:11-cv-690<br><br>**JURY TRIAL DEMANDED** |
| **MACROSOLVE, INC.**<br><br>Plaintiff,<br><br>**v.**<br><br>**PRICELINE.COM INCORPORATED,**<br><br>Defendant. | Civil Action No. 6:11-cv-691<br><br>**JURY TRIAL DEMANDED** |
| **MACROSOLVE, INC.**<br><br>Plaintiff,<br><br>**v.**<br><br>**TRAVELOCITY.COM L.P.,**<br><br>Defendant. | Civil Action No. 6:11-cv-693<br><br>**JURY TRIAL DEMANDED** |
| **MACROSOLVE, INC.**<br><br>Plaintiff,<br><br>**v.**<br><br>**YELP INC.,**<br><br>Defendant. | Civil Action No. 6:12-cv-048<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

I. FACTS AND CASE BACKGROUND .......... 2

A. MacroSolve's Prior Litigation History .......... 2

B. The Asserted '816 Patent .......... 2

C. MacroSolve's Allegations .......... 4

II. APPLICABLE LEGAL STANDARDS .......... 5

A. Pleading Generally .......... 5

B. Pleading Mental State .......... 6

III. ARGUMENT AND AUTHORITIES .......... 7

A. MacroSolve's Complaints Fail to State a Claim for Direct Infringement .......... 7

1. MacroSolve has not alleged that Defendants or their customers have performed any steps of the '816 Patent's purely method claims .......... 7

2. MacroSolve has not alleged multiple actors, which is required to practice the '816 Patent claims .......... 8

B. MacroSolve Fails to State a Claim for Indirect Infringement Against Defendants .......... 11

1. MacroSolve does not allege *any* mental state .......... 11

2. MacroSolve's indirect infringement allegations fail to provide Defendants with notice as to what they must defend .......... 12

IV. CONCLUSION .......... 14

**INDEX OF AUTHORITIES**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .......... 5, 6, 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 5, 6, 7

*Clear With Computers, LLC v. Bergdorf Goodman, Inc.*,
No. 6:09-CV-481, 2010 WL. 3155888 (E.D. Tex. Mar. 29, 2010) .......... 12

*Cross Medical Products Inc. v. Medtronic Sofamor Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005) .......... 11

*Desenberg v. Google, Inc.*,
392 F. App'x 868 (Fed. Cir. 2010) .......... 10

*DSUMed. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006) .......... 11

*E-Pass Techs., Inc. v. 3Com Corp.*,
473 F.3d 1213 (Fed. Cir. 2008) .......... 9

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009) .......... 6

*Global Patent Holdings, LLC v. Panthers BRHCLLC*,
586 F. Supp. 2d 1331 (S.D. Fla. 2008) .......... 10

*Global-Tech Appliances, Inc. v. SEB*,
131 S. Ct. 2060 (2011) .......... 11

*Joy Techs. Inc. v. Flakt, Inc.*,
6 F.3d 770 (Fed. Cir. 1993) .......... 7, 8

*Lincoln National Life Insurance Co. v. Transamerica Life Insurance Co.*,
609 F.3d 1364 (Fed. Cir. 2010) .......... 9

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) .......... 5, 6, 12

*Muniauction, Inc. v. Thomson Corp.*,
532 F.3d 1318 (Fed. Cir. 2008) .......... 9

*Realtime Data, LLC v. Stanley*,
721 F. Supp. 2d 538 (E.D. Tex. 2010) ....................................................................5, 7, 12

*Shearing v. Optical Radiation Corp* ..........................................................................................6
30 U.S.P.Q.2d 1878, 1880 (D. Nev. 1994)

*Warner-Lambert Co. v. Apotex Corp.*,
316 F.3d 1348 (Fed. Cir. 2003) ..............................................................................................11

*Xpoint Techs., Inc. v. Microsoft Corp.*,
730 F. Supp. 2d 349 (D. Del. 2010) ...................................................................................6, 12

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
No. C-10-5524-SBA, 2011 WL. 5416187 (N.D. Cal. Nov. 8, 2011)..................................8

**FEDERAL STATUTES**

35 U.S.C. § 271(a) ........................................................................................................11, 12, 13

Fed. R. Civ. P. 9(b) ................................................................................................................. 6, 7

Fed. R. Civ. P. 84 ..................................................................................................................5, 6

Defendants Hotels.com, L.P. ("Hotels.com"), Priceline.com Incorporated ("Priceline"), Travelocity.com L.P. ("Travelocity") and Yelp Inc. ("Yelp") (collectively, "Defendants") move to dismiss the Original Complaints for Patent Infringement ("Complaints") filed by Plaintiff MacroSolve, Inc. ("MacroSolve") in each of their respective cases and cause numbers.

Dismissal is warranted because MacroSolve, relying on outdated and general forms, has failed to satisfy the required standard of pleading. The single substantive allegation that MacroSolve asserts in its Complaints—cut and pasted as to each Defendant—fails to sufficiently allege infringement of any claim of MacroSolve's U.S. Patent No. 7,822,816 (the "'816 Patent"). As a result, MacroSolve's Complaints fail to satisfy even the low pleading threshold of the Federal Rules of Civil Procedure.

MacroSolve's Complaints fail to properly allege direct patent infringement. Although the patent-in-suit only contains method claims, MacroSolve fails to allege that either Defendants or their customers perform any of the steps of any asserted methods. Instead, MacroSolve alleges that the Defendants "directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least [Defendant's] apps) that infringed one or more claims of the '816 Patent...." Dkt. No. 1 at ¶8. In addition, although every claim of the patent-in-suit requires that two or more entities perform each step, MacroSolve fails to allege that any entity, much less any of the Defendants, either performed all the steps in a claim or directed or controlled the actions of another to perform some or all of the steps.

Like the direct infringement claims, MacroSolve's indirect infringement claims should be dismissed because the Complaints contain no allegations concerning Defendants' mental states, an essential requirement for showing indirect infringement of the '816 Patent. In particular,

MacroSolve's indirect infringement allegations: (i) fail to state which claims are indirectly infringed; (ii) fail to state which methods or systems indirectly infringe; and (iii) fail to identify a direct infringer in reference to its indirect infringement claims (other than alleging "customers"). Taken as a whole, the Complaints simply fail to provide the Defendants with notice as to what they must defend.

For these reasons and the reasons explained in more detail below, MacroSolve's Complaints should be dismissed.

## I.
## FACTS AND CASE BACKGROUND

### A. MacroSolve's Prior Litigation History

Over the past six months, MacroSolve has filed suit against more than 50 different companies. Defendants Travelocity, Priceline, and Hotels.com were sued along with seven other defendants in ten lawsuits that were filed on December 21, 2011. *See* Cause Nos. 6:11-690, 6:11-691, 6:11-693. Defendant Yelp was sued more recently on January 30, 2012. *See* Cause No. 6:12-048. In each of its twenty-one separate cause-numbers, MacroSolve asserts infringement of the '816 Patent, which issued on October 26, 2010—a mere five months before MacroSolve's first lawsuit was filed.

### B. The Asserted '816 Patent

The '816 Patent contains three independent claims and eleven dependent claims. All claims are method claims directed to, *inter alia*, a first computer creating a "questionnaire" for requesting data from a remote computing device (or remote computer) over a network, collecting the data from the remote computing device (or "remote computer"), and transmitting the data from the remote computing device to a second computer (or "a server"). *See* Original Complaints, Docket No. 1-2. For example, claim 1 recites:

A method for managing data including the steps of:

(a) creating a questionnaire comprising a series of questions;

(b) tokenizing said questionnaire; thereby producing a plurality of tokens representing said questionnaire;

(c) establishing a first wireless modem or wireless LAN network connection with a remote computing device;

(d) transmitting said plurality of tokens to a remote computing device via said first wireless modem or wireless LAN network connection;

(e) terminating said first wireless modem or wireless LAN network connection with said remote computing device;

(f) after said first wireless modem or wireless LAN network connection is terminated, executing at least a portion of said plurality of tokens representing said questionnaire at said remote computing device to collect a response from a user;

(g) establishing a second wireless modem or wireless LAN network connection between said remote computing device and a server;

(h) after said second wireless modem or wireless LAN network connection is established, transmitting at least a portion of said response from the user to said server via said second wireless modem or wireless LAN network connection; and

(i) storing said transmitted response at said server.

'816 Patent, col. 13, lines 27-53. Independent claims 8 and 11 have similar limitations.

Independent Claim 8 describes a method for "managing data transfers between computers." Claim 8 is similar to claim 1, but additionally requires, *inter alia*, at least two computers creating or modifying the questionnaire for requesting the date from the remote

computer, and preparing a report using stored responses transmitted by a user at the remote computer. '816 Patent, col. 14, line 41 to col. 15, line 21.

Independent Claim 11 describes a "method for collecting survey data from a user." Claim 11 is similar to Claims 1 and 8, but requires that a first computer request the data from a remote computing device and that the remote computing device provide a response to a second computer. '816 Patent col. 15, line 28 to col. 16, line 18.

**C. MacroSolve's Allegations**

MacroSolve's only substantive infringement allegation against the Defendants is contained in Paragraph 8 of its Complaints, and invariably takes the following form:

> [Defendant] directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its products and systems referred to as its [Defendant's][1] app,) that infringed one or more claims of the 816 patent. In addition, [Defendant] induced infringement and/or contributed to the infringement of one or more of the claims of the 816 patent by its customers.

Original Complaints, Docket No. 1 at ¶ 8. These form allegations, while perhaps sufficient in a patent infringement lawsuit involving alleged infringement of an apparatus patent, fail to allege infringement of the '816 Patent. As discussed below, the Complaints are fatally deficient because even if the acts alleged are assumed to be true, those actions would not infringe the '816 Patent.

[1] Here, MacroSolve references a "Priceline Hotel and Car Negotiator app" in cause number 6:11-691 and the "Yelp mobile app" in cause number 6:12-48. Besides these slight modifications, the infringement allegations are identical for all Defendants.

## II.
## APPLICABLE LEGAL STANDARDS

### A. Pleading Generally

To survive a motion to dismiss, a party asserting a claim must provide sufficient facts that, if "accepted as true, ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this standard does not require detailed factual allegations, it requires more than the formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. Further, as construed by the Federal Circuit, *Twombly* requires that a patentee at least "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

A party may comply with its pleading obligations by tracking one of the form pleadings provided in the Appendix of Forms to the Federal Rules of Civil Procedure if such a form is available. FED. R. CIV. P. 84; *see also Twombly*, 550 U.S. at 569 n.14; *Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 542 (E.D. Tex. 2010). For example, Form 18 provides a sample complaint for a claim of direct patent infringement. *See McZeal*, 501 F.3d at 1357; *Realtime Data*, 721 F.Supp.2d at 542.

The Federal Forms, however, do not provide a sample pleading for claims of indirect patent infringement. *See* FED. R. CIV. P. 84, Appendix. Thus, several courts have found that the *Twombly* and *Iqbal* pleading requirements, not Form 18, apply to claims for indirect patent infringement. *See e.g.*, *Realtime Data*, 721 F.Supp.2d at 544 (applying *Twombly* and *Iqbal* to indirect infringement claims, not Form 18). Further, courts vary as to which elements infringement plaintiffs must plead in order to comply with *Twombly* and *Iqbal*.

The pleading standards in *Twombly* and *Iqbal* supplanted the more liberal pleading standard announced in *Conley v. Gibson*, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46 (1957). In other words, under *Conley*, a pleading was sufficient unless the pleaded facts, assumed as true, could never state a cognizable cause of action. *Twombly* and *Iqbal* elevated this standard by explaining that a pleading is only adequate when the claims are plausibly supported by alleged facts. *See Twombly*, 550 U.S. at 563 (abrogating *Gibson*).

**B. Pleading Mental State**

Rule 9(b) of the Federal Rules of Civil Procedure and Federal Circuit precedent further require that the requisite mental state must be pled even in cases not alleging fraud or mistake. *See* FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *cf. Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) ("Although 'knowledge' and 'intent' may be averred generally, our precedent ... requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."). This is so because if courts deemed sufficient pleadings that fail even to generally allege the requisite mental state, the second sentence of Rule 9(b) would be superfluous.

For example, in *Shearing v. Optical Radiation Corp.*, the district court dismissed Plaintiff's inducement claim because the Plaintiff failed to allege that the defendant "knowingly and with specific intent encouraged that other's infringement." 30 U.S.P.Q.2d 1878, 1880 (D. Nev. 1994) ("While intent and knowledge need only be averred generally, such must be averred.") (internal citations omitted); *see also Xpoint Techs., Inc. v. Microsoft Corp.*, 730

F.Supp.2d 349, 356-57 (D. Del. 2010) (dismissing induced and contributory infringement claims based on failure to plead sufficient facts showing knowledge of the asserted patent).

In addition to pleading the requisite mental state, a pleading of indirect infringement must put the "alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357. In *Realtime Data*, this Court acknowledged that, for indirect infringement allegations, its precedent requires a plaintiff to identify a direct infringer and identify which methods or systems indirectly infringe the patents-in-suit; however, whether a complaint must identify which specific claims are indirectly infringed depends on examination of the context of the complaint. *See Realtime Data*, 721 F.Supp.2d at 539-40.

In this case, to plead a viable indirect infringement theory, MacroSolve must meet the dual requirements of Rule 9(b) and the *Twombly* and *Iqbal* pleading standards. Specifically, MacroSolve must plead both the mental states required for indirect infringement, and a plausible basis for its requests for relief including facts which, taken as a whole, provide Defendants with notice as to what they must defend. MacroSolve's indirect infringement allegations should be dismissed because they fail to meet these requirements.

## III.
## ARGUMENT AND AUTHORITIES

### A. MacroSolve's Complaints Fail to State a Claim for Direct Infringement

#### 1. MacroSolve has not alleged that Defendants or their customers have performed any steps of the '816 Patent's purely method claims

MacroSolve's Complaints should be dismissed because they fail to allege that Defendants or their customers perform any of the steps, much less all of the steps, of the asserted method claims. Instead, MacroSolve attempts to plead direct infringement by alleging that Defendants "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services ... that infringed one or more claims of the '816 Patent . . . ." Dkt. No. 1

at ¶ 8. This allegation is insufficient because "[a] method claim is directly infringed only by one practicing the patented method." *Joy Techs. Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993). Because MacroSolve fails to allege that Defendants (or customers controlled or directed by Defendants) perform each of the steps of one of the '816 Patent's method claims, MacroSolve's allegations fail to state a claim for direct infringement.

"The law is unequivocal that the sale of equipment to perform a process is not a sale of the process." *Id.* at 773. Accordingly, MacroSolve's allegations that Defendants infringed because they "made, had made, [ ] imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services" do not support a claim of direct infringement. Nor does the alleged "use" of the "products and/or services" suffice to allege infringement of the '816 Patent. *See Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C-10-5524-SBA, 2011 WL 5416187, at *3 (N.D. Cal. Nov. 8, 2011) ("With a method patent infringement claim, to properly allege 'use' of the patent, the patentee must identify the steps of the claimed infringing process that allegedly violated the protected method and must allege that all the protected steps have been used by the infringer."); *see also Shearing*, 30 U.S.P.Q.2d at 1880 (dismissing direct infringement allegations where plaintiff alleged that defendants manufactured and sold a product that could, but did not need to, be implanted using the allegedly infringing method since "the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a)") (citing Joy Techs., 6 F.3d at 773). Allegations that an instrumentality is "used" do not translate into allegations that a claimed method is practiced by such use. *Id.*

**2. MacroSolve has not alleged multiple actors, which is required to practice the '816 Patent claims**

MacroSolve's Complaints also fail to state a claim for relief because each claim of the '816 Patent requires multiple actors, yet MacroSolve does not allege either that Defendants

individually perform all the steps of the multiple actors, or that Defendants direct or control third parties to perform those steps.

Under Federal Circuit law, it "is axiomatic that a method claim is directly infringed only if each step of the claimed method is performed." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1328 (Fed. Cir. 2008) (citations omitted); *see also Lincoln Nat'l. Life Ins. Co. v. Transamerica Life Ins. Co.*, 609 F.3d 1364, 1370 (Fed. Cir. 2010) (quoting *Muniauction*). Generally, direct infringement requires a single party to perform every step of a claimed method. *See Muniauction*, 532 F.3d at 1329.[2] In certain circumstances, however, direct infringement may be found where more than one party performs all of the steps of a method claim. *See id.* In that situation, however, "the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" *Id.* (citations omitted).

On its face, each claim of the '816 Patent requires at least two entities. For example, Claim 1 requires at least a party at the non-remote device and a party at the remote computing device. In this claim, at least the following limitations must be performed by the party on the non-remote server side:

(a) creating a questionnaire comprising a series of questions;

(b) tokenizing said questionnaire; thereby producing a plurality of tokens representing said questionnaire; and

(c) transmitting said plurality of tokens to a remote computing device via said first wireless modem or wireless LAN network connection,

Meanwhile, at least the following limitations must be performed by the party at the remote computing device side:

---

[2] Additionally, because "the language of most of the steps of its method claim refer to the completed results of the prior step," MacroSolve "must show that all of those steps were performed in order." *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222 (Fed. Cir. 2008).

(d) after said first wireless modem or wireless LAN network connection is terminated, executing at least a portion of said plurality of tokens representing said questionnaire at said remote computing device to collect a response from a user; and

(e) after said second wireless modem or wireless LAN network connection is established, transmitting at least a portion of said response from the user to said server via said second wireless modem or wireless LAN network connection.

In its Complaints, however, MacroSolve fails to allege that Defendants perform all of the necessary steps. MacroSolve also fails to allege that Defendants perform some of the steps, while controlling or directing other parties to perform the remaining steps.[3] MacroSolve's allegations thus fail to meet even the former, more lenient, pleading standard under *Conley* because, even assuming the truth of the sparse allegations in MacrosSolve's Complaints, there exists no set of facts upon which MacroSolve could recover from Defendants. In other words, there can be no manufacture, use, import, provision, supply, distribution, sale, and/or offer for sale of products and/or services (including "apps") that infringe the claims of the '816 Patent, without allegations that some third party performs certain required steps of the '816 Patent's method claims. MacroSolve's Complaints do not include that allegation. Consequently, MacroSolve fails to state a claim for relief for direct infringement and the direct infringement allegations against Defendants should be dismissed. S*ee Global Patent Holdings, LLC v. Panthers BRHCLLC*, 586 F.Supp.2d 1331, 1335 (S.D. Fla. 2008) (dismissing complaint for failure to allege direction or control of third party with respect to joint infringement); *accord Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed. Cir. 2010) (nonprecedential) (upholding

[3] Similarly, in independent Claim 8, the non-remote first computer must at least (i) "create a questionnaire at a first site in a first computer," and (ii) "transmit[] said tokenized questionnaire to said remote computer;" while the remote computer must at least (i) "transmit[] said at least one user response to said server," and (ii) "transmit[] said at least one additional response to said server." And finally, in independent Claim 11, the non-remote device must at least (i) "creat[e] a questionnaire comprising a series of questions," and (ii) "transmit[] said plurality of tokens to said handheld remote computing device;" while the remote computing device must at least (i) "execut[e] at least a portion of said plurality of tokens representing said questionnaire on said handheld remote computing device to collect a response from a user," and (ii) "transmit[] at least a portion of said response stored within said handheld remote computing device to said second computer."

dismissal of complaint for failure to allege direction or control of third party with respect to joint infringement).

**B. MacroSolve Fails to State a Claim for Indirect Infringement Against Defendants**

**1. MacroSolve does not allege *any* mental state**

MacroSolve's indirect infringement claims should also be dismissed because MacroSolve's Complaints fail to allege *any* mental state with respect to indirect infringement. Both forms of indirect infringement—induced infringement and contributory infringement—require elements beyond those required for direct infringement claims. Compare 35 U.S.C. § 271(a) with §§ 271(b) and (c).

Inducement of infringement occurs where a party: (i) knows of a patent; (ii) actively induces infringing acts by another; and (iii) possesses a specific intent to encourage the other party's infringement. 35 U.S.C. § 271(b); *see Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003); *DSUMed. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

Contributory infringement occurs where a party: (i) sells, offers to sell, or imports into the United States a component of a patented invention or a material or apparatus for use in practicing a patented process; (ii) knows the component is especially made for use in infringing a patent; and (iii) the component is not a staple article or commodity suitable for substantial noninfringing uses. 35 U.S.C. § 271(c); *see Cross Med. Prods. Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

Thus, both types of indirect infringement require a specific state of mind and knowledge of, or willful blindness to, the existence and infringement of, the patent. *See Global-Tech Appliances, Inc. v. SEB*, 131 S. Ct. 2060, 2067-68 (2011) (holding that knowledge of patent infringement is needed for induced infringement under § 271(b) as under § 271(c)).

MacroSolve's Complaints fail to allege any mental state at all, much less the mental state required to plead viable claims for indirect infringement. For example, MacroSolve does not allege any prior interactions between itself and Defendants which might have led to an awareness of the '816 Patent, much less an awareness of potential infringement of its claims. Nor does MacroSolve allege that it provided Defendants with any notice of the '816 Patent. MacroSolve does not allege that Defendants were willfully blind to any infringement of the '816 Patent's claims. Likewise, with respect to aiding others to infringe the '816 Patent, MacroSolve fails to allege any facts from which one could infer that Defendants had specific intent to encourage infringement of the '816 Patent or knew that Defendants' products were especially made for use in infringing the '816 Patent. In fact, MacroSolve fails to allege any mental state at all.

These failures are fatal to both MacroSolve's induced and contributory infringement claims. *See Shearing*, 30 U.S.P.Q.2d at 1880 ("While intent and knowledge need only be averred generally, such must be averred.") (dismissing Plaintiff's indirect infringement claims under §§ 271(b) because the Plaintiff failed to allege the requisite mental state); *see also Xpoint Techs.*, 730 F. Supp.2d at 356-57 (dismissing induced and contributory infringement claims based on failure to plead sufficient facts showing knowledge of the asserted patent).

**2. MacroSolve's indirect infringement allegations fail to provide Defendants with notice as to what they must defend**

MacroSolve's indirect infringement claims should also be dismissed because MacroSolve's Complaints fail to provide Defendants with notice as to what they must defend. *See McZeal*, 501 F.3d at 1357 (holding that a pleading of indirect infringement must put the "alleged infringer on notice as to what he must defend"). This Court's precedent requires that indirect infringement allegations, at a minimum, identify a direct infringer and identify which methods or systems indirectly infringe the patents-in-suit. *See Realtime Data*, 721 F.Supp.2d at

539-40; *see also Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-CV-481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) (hereinafter, "*Clear With Computers*"). MacroSolve's allegations that "[Defendant] induced infringement and/or contributed to the infringement of one or more of the claims of the '816 Patent by its customers," however, do not mention who infringes (other than "customers") or how the indirect infringement allegedly occurs.

Even though MacroSolve's Complaints refer to Defendants' "customers," and the direct infringement allegations refer to Defendants' "apps,"[4] taken as a whole, MacroSolve's Complaints fail to provide Defendants with notice of what they need to defend. Notably, MacroSolve's indirect infringement allegations are strikingly similar to the inadequate allegations for indirect infringement that this Court dismissed in *Clear With Computers*.[5] As in *Clear With Computers*, MacroSolve's indirect infringement allegations fail to indentify (i) which claims are indirectly infringed; (ii) which methods or systems indirectly infringe; and (iii) a direct infringer in reference to its indirect infringement claims (other than alleging "customers"). *See Clear With Computers*, 2010 WL 3155888, at *4. Accordingly, because MacroSolve has

---

[4] As referenced above, it is also unclear how a "customer's" use of an "app" performs required method steps on the server side as well as on the device side. Additionally, the term "app" is inherently ambiguous because, within the industry, the term refers to all internet-based applications. Defendants each provide several internet applications, for different platforms, each having different functionalities.

[5] In *Clear With Computers*, plaintiff's indirect infringement allegation stated:

> Upon information and belief, Defendant BERGDORF has been and now is directly, jointly and/or and indirectly infringing, by way of inducing infringement and/or contributing to the infringement of the '739 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bergdorfgoodman.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '739 Patent to the injury of CWC. Defendant BERGDORF is thus liable for infringement of the '739 Patent pursuant to 35 U.S.C. § 271.

*Clear With Computers*, 2010 WL 3155888, at *1.

failed to provide Defendants with adequate notice as to what they must defend, its indirect infringement claims should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that MacroSolve's Complaints be dismissed.

Respectfully submitted,

/s/ John M. Jackson
John M. Jackson

John M. Jackson
Texas Bar No. 24002340
jjackson@jw.com
Christopher J. Rourk
Texas Bar No. 00795626
crourk@jw.com
Matthew C. Acosta
Texas Bar No. 24062577
macosta@jw.com
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6109
Facsimile: (214) 661-6645

**ATTORNEYS FOR DEFENDANTS TRAVELOCITY.COM LP; HOTELS.COM, L.P.; PRICELINE.COM INCORPORATED; AND YELP INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, February 13, 2012.

/s/ John M. Jackson
John M. Jackson